UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00979

CHROME HEARTS, LLC, a Delaware Limited Liability Company,

                    Plaintiff,

v.

CROCS RETAIL, LLC, a Colorado Limited Liability Company; and DOES 1-10, inclusive,

                    Defendants.

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Chrome Hearts, LLC ("Plaintiff" or "Chrome Hearts") through their undersigned counsel, for their claims against defendants Crocs Retail, LLC ("Crocs") and DOES 1-10 (collectively, "Defendants") respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and for related claims of trademark infringement and unfair competition under the law of the state of Colorado.

## JURISDICTION AND VENUE

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants maintain their headquarters and/or resides in and have committed acts of infringement in this district.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants maintain their headquarters in this judicial district and the events giving rise to the claims in this action occurred within this judicial district.

## THE PARTIES

5. Chrome Hearts is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business located at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Crocs is a limited liability company organized and existing under the laws of the state of Colorado, with an office and principal place of business located at 500 Eldorado Blvd., Building 5, Broomfield, CO 80021.

7. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the

damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     The Chrome Hearts Brand and Trademarks

9.     Chrome Hearts is an American luxury brand that has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

10.    Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including furniture, eyewear, and crystal ware.

11.    Chrome Hearts® products are sold in the exclusive Chrome Hearts stores throughout the world, on its official website www.chromehearts.com, and in select specialty stores, such as Selfridges in London, Bergdorf Goodman in New York and the United Arrows and Dover Street Market Ginza boutiques in Japan.

12.    Chrome Hearts® products are also advertised and promoted through Chrome Hearts' Instagram account, @chromeheartsofficial, which has 1.8 million followers.

13.    Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

14. Entertainers, such as Madonna, Drake, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts' fashions.

15. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.  In 1999, Chrome Hearts was featured in the "Rock Style" exhibit at the Costume Institute of the Metropolitan Museum of Art.  In 2022, the CFDA awarded Chrome Hearts the Geoffrey Beene Lifetime Achievement Award, an award that recognizes outstanding designers and their contributions made to American fashion.

16. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen.  The level of expert workmanship exercised by these individuals is superior, meticulous, extremely detailed, and conforms with the strict standards established by Chrome Hearts.

17. Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France.  These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs. Publications such as Details, Elle, Flaunt, Maxim, FHM Interview, GQ, Complex, and Vogue have all featured Chrome Hearts® products.

18. Chrome Hearts is the owner of the CHROME HEARTS word mark, various design only marks, and composite trademarks comprising the CHROME HEARTS mark and design components, including in relevant part the following U.S. federal trademark registrations (collectively, the "Chrome Hearts Marks"):

| Chrome Hearts' Mark | U.S. Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **"CH Plus"** | 3,385,449 | 02/19/2008 | 014: Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
| | 3,388,911 | 02/26/2008 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweatshirts, sweat pants, sweaters and hats |
| | 3,784,780 | 05/04/2010 | 026: Hair accessories, namely, hair clips, barrettes, hair bands, buttons, hair pins and ribbons |

19. Attached hereto as **Exhibit A** are true and correct copies of the trademark registrations identified in paragraph 18 of this Complaint, which are incorporated herein by reference.

20. Most, if not all, of Chrome Hearts' products feature trademarks owned and federally registered by Chrome Hearts, including the Chrome Hearts Marks. Chrome Hearts uses the Marks as source identifiers.

21. Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends on average over $1 million per year on advertising, promoting, and marketing the CHROME HEARTS® brand. Chrome Hearts advertises throughout the world, from social media to select high-end and artistic magazines. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of goods, all bearing one or more of Chrome Hearts' federally registered trademarks, including the Chrome Hearts Marks.

22. Registrations for the Chrome Hearts Marks are valid, subsisting, and incontestable. Chrome Hearts was also able to obtain the trademark registrations for the Chrome Hearts Marks without proof of secondary meaning and thus they are inherently distinctive. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition in the United States and the world over, and constitute famous marks.

23. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods. Accordingly, Chrome Hearts has used the Chrome Hearts Marks as a source identifier on various goods, including clothing and clothing finishers, for 35-36 years.

24. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry, apparel, and accessories designed and manufactured by Chrome Hearts. In turn, consumers have come to identify the Chrome Hearts Marks as being associated with and originating from Chrome Hearts.

25. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

26. Chrome Hearts has achieved such fame as to be copied by others without authorization, including Defendants, as is the case with many other luxury brands. In the past five years for example, Chrome Hearts has filed more than 100 lawsuits against defendants who infringed upon the Chrome Hearts Marks.

**B. Defendants' Infringing Conduct**

27. The present lawsuit arises from Defendants' design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of footwear and

accessories which bear marks identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks (hereinafter referred to as the "Accused Product"), exemplars of which are shown below:

 

28. Upon information and belief, Defendants engaged in the promotion, marketing, offer for sale, and/or sale of products, including the Accused Products, through its own website (www.crocs.com) and retail stores all over the United States, Amazon (www.amazon.com), and Zappos (www.zappos.com) as well as Defendants' social media account on Instagram (@crocs), all of which are accessible to consumers throughout the United States, including those within this judicial district.

29. Upon information and belief, through the aforementioned websites, stores, social media account, and related advertising, Defendants directly target consumers with the Accused Products, including those within this judicial district.

30. Upon information and belief, Defendants manufactured, distributed, offered for sale, sold, and shipped the Accused Products to consumers in this judicial district.

31. Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks, in any way. Chrome Hearts purchased and inspected some of the Accused Products and confirmed they did not originate from Chrome Hearts or contain authentic Chrome Hearts Marks. Defendants used the Chrome Hearts Marks on the Accused Products without Chrome Hearts' permission.

32. The Accused Products that Defendants sold and shipped to various consumers within this District are very likely cause confusion for consumers, including Plaintiff's customers, who, at the time of initial interest, sale, and/or in the post-sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Chrome Hearts due to the marks being identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks.

33. Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of the Accused Products with Chrome Hearts, and the sponsorship or approval of the Accused Products by Chrome Hearts.

## COUNT I

**Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114**

34. Plaintiff repeats and reallege the allegations of the preceding paragraphs as though fully set forth herein.

35. The Chrome Hearts Marks are nationally recognized, including within the District of Colorado, as being affixed to goods and merchandise of the highest quality, with Chrome Hearts being the exclusive source of all such products.

36. The specific U.S. registrations to the Chrome Hearts Marks identified herein are in full force and effect, and they have been in continuous use since their respective first dates of use. Indeed, the specific U.S. registrations identified in paragraph 18 are incontestable by virtue of its registration and continuous use in commerce for more than five years.

37. The Accused Product bear marks that are identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks based on how the marks appear in the marketplace to a consumer such that it is likely to cause confusion, mistake, or deception as to the origin of the marks on the Accused Products.

38. The identical or substantially indistinguishable or confusingly similar marks on the Accused Products are likely to lead to and result in consumers believing that Chrome Hearts produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

39. Defendants' promotion, marketing, advertising, offering for sale, selling, manufacturing, and/or distribution of the Accused Products and marks within is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its intellectual property.

40. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with the Chrome Hearts Marks.

41. Chrome Hearts has no adequate remedy at law.

42. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto,

and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## COUNT II

### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

43. Plaintiff repeats and reallege the allegations of the preceding paragraphs as though fully set forth herein.

44. Defendants' unauthorized use of marks identical to, substantially indistinguishable from, or confusingly similar to the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

45. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

46. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

47. Chrome Hearts has no adequate remedy at law.

48. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## COUNT III

## Colorado Unfair Competition and Deceptive Trade Practices – Colorado Rev. Stat. § 6-1-105(1)(A)-(C)

49. Plaintiff repeats and reallege the allegations of the preceding paragraphs as though fully set forth herein.

50. By the acts, omissions, and offerings set forth above, Defendants are violating Colorado Code §§ 6-1-105(1)(a), (b), and (c).

51. Plaintiff owns all rights, title, and interest in and to the Chrome Hearts Marks, including all common law rights in said marks.

52. Defendants, without authorization from Plaintiff, used and continue to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Chrome Hearts Marks.

53. Defendants, in the course of using and continuing to use designations that are identical to the Chrome Hearts without Plaintiff's authorization have knowingly or recklessly, and in bad faith, passed off goods as those of Plaintiff's, have knowingly or recklessly, and in bad faith, made false representations as to the source and sponsorship of their goods as it relates to Plaintiff, and have knowingly

or recklessly, and in bad faith, made false representations as to the affiliation, connection, or association of their goods and services with Plaintiff's.

54. Defendants' acts constitute unlawful, unfair, and deceptive trade practices and infringement of Plaintiff's Chrome Hearts Marks under Colorado law.

55. Defendants' infringing conduct is deceptive to consumers and has injured Plaintiff in its business and property in the State of Colorado.

56. As a result of Defendants' infringing conduct and unlawful acts, Plaintiff have been damaged.

## COUNT IV

### Colorado Common Law Unfair Competition

57. Plaintiff repeats and reallege the allegations of the preceding paragraphs as though fully set forth herein.

58. Defendants' willful acts of infringement of Plaintiff's Chrome Hearts Marks constitute unfair competition in violation of Colorado common law.

59. Defendants are willfully using the Chrome Hearts Marks in commerce to offer their goods and services without Plaintiff's authorization.

60. Defendants' acts have caused and are likely to cause confusion, deception, and mislead consumers as to the source of Defendants' goods.

61. As a result of Defendants' infringing conduct and unlawful acts, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts, LLC respectfully request that this Court enter judgment in their favor and against Defendants Crocs Retail, LLC as follows:

1. Finding that:

    a. Defendants have violated Section 32 of the Lanham Act (15

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and

        b.     Defendants have engaged in trademark infringement and unfair competition under the law of the state of Colorado;

   2.     An order granting temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using the Chrome Hearts Marks, including, but not limited to:

        a.     Manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the Chrome Hearts Marks or any other marks identical, substantially indistinguishable from or confusingly similar thereto, including, without limitation, the Accused Products, and engaging in any other activity constituting an infringement of any of Chrome Heart's rights in the Chrome Hearts Marks;

        b.     Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or designs associated with the Chrome Hearts brand;

        c.     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

   3.     Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

   4.     Ordering defendants to disclose their supplier(s) and/or manufacturer(s) of the Accused Products and provide all documents,

correspondence, receipts, and invoices associated with the purchase of the Accused Products;

5. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants has complied with the injunction;

6. Ordering for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a0;

7. An award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

8. An award of enhanced damages due to Defendants' willful infringement;

9. Awarding Plaintiff actual and punitive damages, and fees, to which they are entitled under applicable federal and state laws;

10. Awarding applicable interest, costs, disbursements and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise; and

11. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /

Dated: April 11, 2024  
       Manhattan Beach, CA

Respectfully Submitted,

By: __*/s/ Brent H. Blakely*_____  
Brent H. Blakely  
Blakely Law Group  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, CA 90266  
Telephone: (310) 546-7400  
**Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts, LLC hereby demands a trial by jury of all claims in this litigation.

Dated: April 11, 2024  
       Manhattan Beach, CA

Respectfully Submitted,

By: __*/s/ Brent H. Blakely*_____  
Brent H. Blakely  
Blakely Law Group  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, CA 90266  
Telephone: (310) 546-7400  
**Attorney for Plaintiff**